UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Milton Green,<br><br>PLAINTIFF,<br><br>v.<br><br>City of St. Louis &<br>Christopher Tanner,<br><br>DEFENDANTS. | Civil Action No. 4:19-cv-01711 DDN |

**Defendants' Memorandum in Support of
Motion to Stay**

Defendants City of St. Louis ("City") and Christopher Tanner ("Tanner") (collectively, "Defendants") respectfully move the Court to stay these proceedings until the Missouri Division of Workers' Compensation finally adjudicates the questions of fact currently before it which overlap with the allegations in this matter. In support of this motion, Defendants state:

I.   *Background*

On or about March 27, 2019, Plaintiff Milton Green ("Plaintiff") filed a Claim for Compensation with the Missouri Division of Workers' Compensation ("the Division") that alleges he was injured in his employment with the city when he "was shot by another police officer" on June 21, 2017. Exhibit A, Plaintiff's Claim for Compensation and City's Answer, p.1. On June 17, 2019, Plaintiff filed his Complaint, which similarly alleges he was injured in his employment when he was shot by another officer on June 21, 2017, and brings five counts for relief against Defendants: Counts I-III arise under 42 U.S.C. § 1983, Count IV alleges battery

1

under Missouri law and Count V alleges negligent infliction of emotional distress under Missouri law. *See generally* Complaint.

In Count I, Plaintiff alleges Tanner restricted Plaintiff's freedom of movement by shooting him, thereby committing an unreasonable seizure. Complaint ¶¶ 66-73. In Count II, Plaintiff alleges Tanner subjected Plaintiff to excessive force. Complaint ¶¶ 74-80. In Count III, Plaintiff alleges City failed to train Tanner, and also that City has a custom of unreasonable seizure. Complaint ¶¶ 81-87. In Count IV, Plaintiff alleges that Tanner subjected Plaintiff to harmful and offensive contact when Tanner allegedly shot Plaintiff. Complaint ¶¶ 88-95. In Count V, Plaintiff alleges that Tanner caused Plaintiff emotional distress when Tanner allegedly shot Plaintiff. Complaint ¶¶ 96-105.

## II.     *Legal Standard*

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

## III.    *Argument*

### A.     *The Division Has Primary Jurisdiction over Plaintiff's Claims*

The Division has both primary and exclusive jurisdiction to decide questions of fact about the injury Plaintiff alleges in his Workers' Compensation claim. The Division's determinations of those questions of fact will likely have preclusive effect on these proceedings because Plaintiff claims the same injury in this action as in his Workers' Compensation claim. Thus, the Court should stay the proceedings in this matter pending a full and final resolution of Plaintiff's Workers' Compensation claim.

Under federal law, the primary jurisdiction doctrine "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *Alpharma, Inc. v. Pennfield Oil Co.*, 411 F.3d 934, 938 (8th Cir. 2005). The doctrine "requires a court to enable a referral to an agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993).

Similarly, Missouri law provides that the Division has exclusive jurisdiction to determine the fact issues that establish whether or not a claim is subject to the jurisdiction of the Division. *State ex rel. Ford Motor Co. v. Nixon*, 219 S.W.3d 846, 849 (Mo. App. W.D. 2007). Only the Division "can determine whether an employee's injuries are the product of an accident or the intentional act of an employer." *Id.* Under the primary jurisdiction doctrine, Missouri circuit courts lack the authority to determine the question of whether there was an accident arising out of and in the course of employment and whether an employee's injury resulted from an accident or an intentional act within the definitions of the Workers' Compensation Law; such determinations are the province of the Division. *Cooper v. Chrysler Grp., LLC*, 361 S.W.3d 60, 63-64 (Mo. App. E.D. 2011).

The exclusivity provision of the Workers' Compensation Law provides that "[t]he rights and remedies herein granted to an employee <u>shall exclude</u> all other rights and remedies of the employee … at common law or otherwise, on account of such injury." § 287.120.2 RSMo. (emphasis added). In other words, if an injury comes within the purview of the Workers' Compensation Law, "then it is included within the exclusivity provisions of the act, and recovery can be had, if at all, only under the terms set out in the act. *Missouri Alliance v. Dept. of Labor*, 277 S.W.3d 670, 679 (Mo. banc 2009); *Pierce v. Zurich Am. Ins. Co.*, 441 S.W.3d 208, 212-

3

13 (Mo. App. W.D. 2014). Contrarily, if an "injury" is not an "accident" as defined in the act, then "an employer shall not be liable to the employee under the act and the injury, therefore, is not subject to the exclusivity provisions of the act" and the employee then has the right to bring suit. *Mo. Alliance*, 277 S.W.3d at 679-80. The term "accident" in Missouri's Workers' Compensation Law includes "injury or death of the employee caused by the unprovoked violence or assault against the employee by any person." § 287.120, RSMo.

Here, Plaintiff filed a claim with the Division nearly three months before he filed this action. Exh. A. In that claim, he alleges that he "was shot by another police officer and was injured" on June 21, 2017. *Id.* at p.1. As such, Plaintiff's allegations in this action mirror those in his Workers' Compensation claim. Under *Reiter*, *Alphapharma*, and *Cooper*, the Division has the primary jurisdiction and the special competence to resolve the issues of fact raised in Plaintiff's Workers' Compensation claim, especially because the facts alleged in both proceedings concern the same event. Thus, the Court should stay these proceedings until such time as an administrative ruling is issued by the Division.

  B. *Concurrent Proceedings Create a Threat of Double Recovery*

Plaintiff's allegations in the complaint stem from the same injury alleged in his workers' compensation claim with the Division; in both proceedings, Plaintiff's claimed injury is that he was shot in the arm and he suffered psychological injury. Complaint ¶¶ 36, 71, 78, 86, 90, 100; Exh. A, p.1.

Under federal law, while a party is entitled to be made whole, a party is "not allowed a double recovery." *Weitz Co., LLC v. Lexington Ins. Co.*, 786 F.3d 641, 648 (8th Cir. 2015). By instituting two different legal proceedings regarding the same event — the shooting of June 21, 2017 — Plaintiff stands to potentially benefit from a double recovery. Moreover, the likelihood of a double recovery is high in this instance, for two reasons. Firstly, in its Answer in the

4

Division, City admitted to Plaintiff's employment, admitted "that the parties were working under and subject to the Missouri Workers' Compensation Law, [and] that [Plaintiff] sustained an accidental injury." Exh. A, p.3. Secondly, precedent favors Plaintiff in his case in the Division in that police officers injured while off duty are commonly entitled to awards. *See e.g. Jordan v. St. Louis County Police Dep't*, 699 S.W.2d 124 (Mo. App. E.D. 1985) (off-duty police officer shot while shopping entitled to award of compensation); *Spieler v. Vill. of Bel-Nor*, 62 S.W.3d 457 (Mo. App. E.D. 2001) (off-duty officer hit by car after stopping to assist at scene of a car accident was entitled to award of compensation). Clearly, Plaintiff will likely be entitled to an award of compensation from the Division for the injuries he suffered when shot by a fellow police officer while off-duty. To allow this suit to proceed before the Division resolves the factual issues raised in Plaintiff's Claim for Compensation could result in Plaintiff receiving double recovery. Thus, the Court should stay this action until the Division resolves the issues under its jurisdiction.

IV.  *Conclusion*

For all of the foregoing reasons this Court should enter an Order staying these proceedings until Plaintiff's workers' compensation claim has been fully adjudicated, and order any other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted,
JULIAN BUSH,
CITY COUNSELOR

/s/ J. Brent Dulle #59705MO
Associate City Counselor
CITY OF ST. LOUIS LAW DEPARTMENT
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-4644
DulleB@stlouis-mo.gov

5

**CERTIFICATE OF SERVICE**

 I hereby certify this motion was electronically filed with the Court for service by means of Notice of Electronic Filing upon all attorneys of record on August 24, 2019.

/s/ J. Brent Dulle