IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILTON GREEN, | ) |
|     Plaintiff, | ) |
| v. | ) Cause No. 4:19-cv-01711-DDN |
| CITY OF ST. LOUIS, MISSOURI, et al. | ) |
|     Defendants. | ) |

**OPPOSITION TO MOTION TO STAY**

Defendants seek a stay of this lawsuit while Plaintiff's workers' compensation claim is adjudicated. While the state law claims asserted in this case may be subject to the Workers Compensation statute, the federal claims are not. Moreover, the adjudication of the Workers Compensation claims is expected to conclude well before the conclusion of this litigation. Accordingly, a stay of the entire case is inappropriate and the motion should be denied.

**ARGUMENT**

In his Complaint, Plaintiff asserts three claims arising under 42 U.S.C. § 1983 and two state law claims against Defendants. Plaintiff recognizes that the state law claims may be affected by the decision by the Labor and Industrial Relations Commission ("Commission"). However, it is Plaintiff's understanding that the resolution of the workers compensation claim will occur well before any trial in this matter.

The Commission may have exclusive jurisdiction over some state law claims. The Commission does not have jurisdiction over any federal claims, and the Missouri Workers Compensation Act ("Act") cannot divest this Court of jurisdiction. *See Donnelly v. St. John's Mercy Medical Center*, 635 F.Supp.2d 970, 988-89 (E.D. Mo. 2009) (the exclusivity provision

cannot preempt federally created rights) (citing *Karcher v. Emerson Elec. Co.*, 94 F.3d 502 (8th Cir. 1996). In *Donnelly*, defendant asserted that the Act barred claims under the Americans with Disabilities Act. *Id.* That argument was deemed meritless as it "runs counter to basic principles of federalism." *Id.* The court found that the Act did not displace a federally created cause of action and denied the motion to dismiss. *Id.*[1]

Accordingly, since the Commission's findings will have no bearing on the § 1983 claims, no reason exists to stay litigation of this case. To the extent any risk of double recovery exists, that can be resolved through traditional offset methods.

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests the Court to enter an order denying the motion to stay.

Date: September 9, 2019                                     Respectfully submitted,

                                                            KHAZAELI WYRSCH LLC

                                                            /s/ James R. Wyrsch
                                                            James R. Wyrsch, 53197MO
                                                            Javad M. Khazaeli, 53735MO
                                                            Kiara N. Drake, 67129MO
                                                            911 Washington Avenue, Suite 211
                                                            Saint Louis, MO 63101
                                                            (314) 288-0777
                                                            (314) 400-7701 (fax)
                                                            james.wyrsch@kwlawstl.com
                                                            javad.khazaeli@kwlawstl.com
                                                            kiara.drake@kwlawstl.com

---

[1] Plaintiff also notes that the Act expressly exempts federal law. *See* § 287.110, RSMo.