UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MILTON GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 1711 DDN |
| | ) | |
| CITY OF ST. LOUIS and | ) | |
| CHRISTOPHER TANNER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is the joint motion of defendants City of St. Louis and Christopher Tanner to stay this action or for an extension of time to file a response to plaintiff Milton Green's complaint. (Doc. 13.)

**BACKGROUND**

In his complaint plaintiff alleges that on June 21, 2017, he, when off-duty as a St. Louis Metropolitan Police Officer, was shot and seriously wounded by defendant Christopher Tanner, a fellow St. Louis Metropolitan Police Officer. (Doc. 1 at 3-4.) Plaintiff alleges defendant Tanner violated plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure and the use of excessive force. (*Id*. at 1.) Plaintiff alleges that defendant City of St. Louis ratified Tanner's unconstitutional conduct through a "custom of unreasonable seizures and excessive force and its failure to train and supervise its officers." (*Id*.)

Plaintiff further alleges that defendant Tanner shot him in the arm, seriously wounding him and causing permanent damage. (*Id*. at 5.) Plaintiff alleges that after two years he remains on disability leave and suffers substantial pain, injury, economic distress, and family trauma. Further, his pension claim has not been decided by the pension board for nearly two years. (*Id.* at 7.)

Plaintiff brings this action for relief under 42 U.S.C. § 1983, with subject matter jurisdiction granted by 28 U.S.C. §§ 1331 and 1343(a)(3), and under Missouri law with subject matter jurisdiction granted by 28 U.S.C. § 1367.

Plaintiff alleges claims for relief, under: (1) § 1983 for constitutionally unreasonable seizure, against defendant Tanner (Count 1); (2) § 1983 for constitutionally excessive force, against defendant Tanner (Count 2); (3) § 1983 against defendant City of St. Louis for constitutionally unreasonable seizure, excessive force, and failure to train and supervise (Count 3); (4) Missouri law for battery against all defendants (Count 4); and, (5) Missouri law for negligent infliction of emotional distress against all defendants (Count 5). (*Id*. at 8-12.)

In support of their joint motion to stay this action, defendants argue, on March 27, 2019, plaintiff filed a claim for workers' compensation arising out of the June 21, 2017 incident, several months before plaintiff commenced this federal judicial action on June 17, 2019. Defendants' primary arguments for a stay of these proceedings are that the determination of the facts regarding the June 21 incident by the Missouri Division of Workers' Compensation ("Commission") "will likely have preclusive effect on these [federal judicial] proceedings," and permitting this judicial action to proceed could result in plaintiff receiving double recovery. Conversely, plaintiff argues that the Commission's findings will have no bearing on his federal claims and the resolution of the workers' compensation claim will likely occur before any trial in this matter. The Court may take any reasonable step, by appropriate jury instruction or otherwise, to avoid an unlawful multiple recovery.

The Commission lacks jurisdiction over any federal claim, since recovery under the Missouri workers' compensation statute is not the exclusive remedy for work-related injuries, and the determination cannot bar an employee from seeking relief under a federal cause of action. *See Donnelly v. St. John's Mercy Medical Center*, 635 F. Supp.2d 970, 988-99 (E.D. Mo. 2009) (citing *Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 248 (1984)). Moreover, state legislatures did not enact workers' compensation schemes to displace federal laws. *Id*. at 988.

Defendant argues that the Commission's determination may preempt the plaintiff's two state law claims, battery and negligent infliction of emotional distress. The Supreme Court held that the issuance of a stay of a proceeding in federal court during a pendency of a similar matter in the state is an "extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Further, the Commission is designed to answer questions of causation and work relatedness regarding the workers compensation claim, superseding the right to trial by jury

within its limited procedural constraints. *See generally Bresnahan v. May Dept. Stores Co.*, 726 S.W.2d 327 (Mo. 1987) (en banc).

Conversely, this Court notes plaintiff's demand for a jury. To the extent the Commission makes a final determination on the now pending workers' compensation claim, the Court can consider any preclusive effect on the state law claims. Therefore, a mere pending determination by the Commission, a state administrative agency, does not provide a substantial basis for staying this action.

## **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that the defendants' joint motion to stay these proceedings (Doc. 13) **is denied.**

**IT IS FURTHER ORDERED** that defendants' joint motion for an extension of time to file an answer or other responsive pleading (Doc. 13) **is sustained.** Defendants have until **October 31, 2019,** to respond to plaintiff's complaint.

       /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 8, 2019.