UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILTON GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19 CV 1711 DDN |
| ) | |
| CITY OF ST. LOUIS, MISSOURI, and ) | |
| OFFICER CHRISTOPHER TANNER, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**CASE MANAGEMENT ORDER - TRACK 2: STANDARD**

Pursuant to the Civil Justice Reform Act, the Expense and Delay Reduction Plan of the court, and the Differentiated Case Management Program of the court, and following the Rule 16 conference held on **December 10, 2019**,

**IT IS HEREBY ORDERED** that the following schedule apply in this case, and be modified only upon court order:

**I.  SCHEDULING PLAN**

1.  This case has been assigned to Track 2 (Standard).

2.  **AMENDMENT OF PLEADINGS.**  All motions for joinder of additional parties or amendment of pleadings must be filed no later than **March 30, 2020.**

3.  **DISCLOSURE AND DISCOVERY.**  Disclosure and discovery must proceed in the following manner:

    (a)  **DISCLOSURES.**  The parties must make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **February 3, 2020.**

    (b)  **PLAINTIFF EXPERTS.**  Plaintiff must disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **July 22, 2020**, and have such expert witnesses available for deposition no later than **August 20, 2020**.

1

    (c)    **DEFENDANT EXPERTS.**  Defendant must disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **September 21, 2020**, and have such expert witnesses available for deposition no later than **October 21, 2020**.

        **PLAINTIFF REBUTTAL EXPERTS.**  Plaintiff must disclose all rebuttal expert witnesses and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 12, 2020**, and have such expert witnesses available for deposition no later than **December 4, 2020**.

        **DEFENDANT REBUTTAL EXPERTS.**  Defendant must disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 12, 2020**, and have such expert witnesses available for deposition no later than **December 4, 2020**.

    (d)    **RULE 35 EXAMS**.  Requests for physical or mental examinations of the parties pursuant to Rule 35 Fed.R.Civ.P. be made no later than **May 26, 2020** and be completed no later than **August 5, 2020**.

    (e)    **AVOIDING PERSONAL INFORMATION IN CIVIL CASE TRANSCRIPTS.**  In an effort to reduce the amount of information that would need to be redacted from final transcripts, attorneys are not to use or request from witnesses social security numbers, minors' names, bank account numbers, or addresses.

    (f)    **PRESUMPTIVE LIMITS.**  Each party is limited to taking no more than ten (10) depositions and to serving no more than twenty-five (25) interrogatories per party.

    (g)    **DISCOVERY COMPLETION.**  The parties must complete <u>all</u> non-expert discovery in this case from parties and non-parties no later than **December 4, 2020**.

    (h)    **MOTIONS TO COMPEL.**  Motions to compel must be filed in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4.    **ADR. THIS CASE IS HEREBY REFERRED** to alternative dispute resolution (ADR) as of this date.  Counsel shall file with the court no later than **May 1, 2020,** their designation of neutral and the date and time of their ADR conference.  The ADR reference shall terminate on **July 1, 2020.**

5. **DISPOSITIVE MOTIONS AND EXPERT OPINION MOTIONS.**  Any motion(s) to dismiss, for summary judgment, or for judgment on the pleadings, and any expert opinion motion(s) must be filed no later than **December 18, 2020.** Opposition briefs must be filed no later than **January 8, 2021**, and any reply brief may be filed no later than **January 22, 2021**.  **The parties must submit a courtesy paper copy of their motions, memoranda, and exhibits directly to chambers.  A hearing on any then pending motion, including any dispositive and expert opinion motion(s)** is hereby set for **February 2, 2021**, at **10:00 a.m.**

    **COUNSEL PLEASE NOTE:**  Local Rule 7-4.01(E) requires that a statement of enumerated, uncontroverted material facts (SUMF) accompany all motions for summary judgment and further requires the responding party to admit or deny those alleged facts, in the movant's enumerated, sequential order and with relevant citations to the record.  If cross-motions or multiple motions for summary judgment are filed, the first SUMF shall serve as the master set; each subsequent SUMF must adhere to the sequential order of the master set, admitting or denying said facts as necessary, followed by any additional facts that a party may wish to proffer.  If two or more SUMFs are simultaneously filed, the parties must meet, discuss, and agree to a method of compliance with this provision.  The court will strike any SUMF that fails to comply with this paragraph.

6. **FINAL PRETRIAL CONFERENCE.**  The final pretrial conference is set for **June 15, 2021,  at 10:00 a.m.**

7. **TRIAL DATE.**  This case is set for a **JURY TRIAL** on **June 21, 2021**, at **9:00 a.m.**  Trial is expected to last 4-5 days.

    No later than twenty-one (21) days preceding the deadline for completion of discovery, any party may request **in a written motion** that the Court hold a supplemental conference to discuss issues of scheduling and management of the action.  **WHETHER TO GRANT SUCH A REQUEST IS A MATTER FOR THE COURT'S DISCRETION.**

## II.  ORDER RELATING TO TRIAL

**IF THIS IS TO BE A JURY TRIAL**, pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is voluntarily terminated or settled by the parties at a time too late to cancel the jurors' attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**NOT LESS THAN TEN (10) DAYS PRIOR TO THE DATE SET FOR THE FINAL PRETRIAL CONFERENCE the parties must:**

1. **Stipulation:**  Meet and jointly prepare and file with the Clerk:
   (a) a **JOINT STIPULATION OF ALL UNCONTESTED FACTS**, which may be read into evidence subject to any objection(s) of any party set forth in said stipulation; and
   (b) a **JOINT BRIEF DESCRIPTION OF THE CASE** to be read to the venire panel before the Voir Dire proceedings.

2. **Witnesses:**

   (a) Deliver to opposing counsel, and to the Clerk for filing, a list of all proposed witnesses, identifying those witnesses who **will** be called to testify and those witnesses who **may** be called.

   (b) Except for good cause shown, no party will be permitted to call any witness(es) not listed in compliance with this Order.

3. **Exhibits:**

   (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list must clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

   (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.  Prior to trial, the parties must stipulate which exhibits may be introduced without objection or preliminary identification, and must file written objections to all other exhibits.

   (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.

   (d) As to any opinion not expressly disclosed in a medical record or report (e.g., causation, prognosis), a party's treating physician will be considered an expert witness subject to Federal Rule of Civil Procedure 26(a)(2) as to the undisclosed opinions.

4

**4.      Depositions, Interrogatory Answers, and Request for Admissions:**

(a)     Deliver to opposing counsel and to the Clerk a list of all interrogatories and interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and requests and answers to requests for admissions proposed to be offered in evidence.  At least five (5) days before the final pretrial conference, opposing counsel must state in writing any objections to such testimony and must identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b)     Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admission not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

**5.      Jury Instructions:  IF THIS CASE IS TO BE TRIED WITH A JURY**, submit to the Court and to opposing counsel their written request(s) for jury instructions, including a short description of the case to be read to the jury before voir dire, and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

**PLEASE NOTE:  In complying with the aforesaid requirements regarding instructions:**

> **a.      The court will endeavor, to the fullest extent possible, to use the pattern instructions found in the <u>Manual of Model Civil Jury Instructions (Civil)</u> (West).  Therefore, counsel must, if possible, use this pattern instruction source when drafting proposed instructions.**
>
> **b.      In the final instructions to be given to the jury after the close of all evidence, the court will provide and use the appropriate instructions set forth in Chapter 3, Instructions for Use at Close of Trial, in the Eighth Circuit Manual of Model Jury Instructions (Civil), either in original form or modified.  All other relevant instructions must be proposed by counsel.**
>
> **c.      Counsel for all parties must confer and submit to the court a single set of proposed instructions in the order counsel suggest they be read to the jury, which set of instructions**

5

      **may include alternative instructions, with counsel reserving the right to make objections thereto.**

6.    **Trial Brief:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues to be tried and authorities relied on, and discussing any anticipated substantive or procedural problems.

7.    **Motions In Limine:** File all motions in limine.

8.    **Responses and objections** to said motions and other pretrial compliance documents must be filed at least five (5) days before the date of the final pretrial conference.

Failure to comply with any part of this order may result in the imposition of sanctions.

                /s/ David D. Noce
              **UNITED STATES MAGISTRATE JUDGE**

Signed on December 10, 2019.