**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MILTON GREEN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-1711-DDN |
| | ) | |
| | ) | |
| CITY OF ST. LOUIS et al., | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE</u>

The St. Louis Post-Dispatch, LLC ("Post-Dispatch") seeks to intervene in this case for the limited purpose of moving to unseal judicial records of critical public concern. Under binding Eighth Circuit precedent, Rule 24(b) of the Federal Rules of Civil Procedure is an appropriate vehicle through which to intervene on behalf of an interested public to unseal court records. *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015). Because of the appropriateness of intervention under Rule 24(b) and the underlying public interest in this case, this Court should grant the Motion to Intervene.

## <u>BACKGROUND</u>

The Post-Dispatch has a more than 144-year history of supplying information to the residents of the St. Louis area and beyond.[1] Its website operates as a general news source for more

---

[1] *Happy Anniversary to Us. Take a Journey Through History with the Post-Dispatch*, St. Louis Post-Dispatch (December 12, 2022), https://www.stltoday.com/news/archives/happy-anniversary-to-us-take-a-journey-through-history-with-the-post-dispatch/collection_ca197e6f-b80a-552c-bd89-564d42efe172.html#1.

than 2 million unique visitors each month.[2] In addition, its staff's recent national accolades—Pulitzer Prizes in 2015 for coverage of the Ferguson protests and in 2019 for coverage of debtors' prisons in rural Missouri—have cemented its role as a vital source of information on policing and criminal justice in Missouri.[3] This case, which involves a police shooting of an off-duty, Black police officer, is of special interest to the citizens of Missouri and, by extension, the Post-Dispatch.

The facts of this case—viewed in the light most favorable to the Plaintiff for purposes of summary judgment—are as follows. Defendant Christopher Tanner and other officers of the St. Louis Metropolitan Police Department ("SLMPD") were surveilling a suspected stolen vehicle in downtown St. Louis on June 21, 2017. Summ. J. Order, Doc. 131, at 1. The stolen vehicle fled once the occupants realized they were being followed, and one of the officers used spike strips to puncture the tires. *Id*. at 1–2. The occupants of the stolen vehicle began shooting at the pursuing officers, and the vehicle eventually crashed near Plaintiff Milton Green's home. *Id.* at 2.

Mr. Green, an off-duty SLMPD officer, was working on a car on the driveway outside his home when he saw two individuals run to the gangway of his neighbor's house after the crash and then saw two police officers chase them through the gangway. *Id.* Mr. Green and a friend attempted to hide behind a car in the driveway, but a third individual exited the crashed car and pointed a gun at them. *Id.* Mr. Green identified himself as a police officer and commanded the individual to put the gun down. *Id.* The third individual ran towards the alley with his gun still pointed at Mr. Green. *Id.* Mr. Green then heard from behind him, "[p]ut the gun down." *Id.* Assuming that the command

---

[2] *About Us*, St. Louis Post-Dispatch (last visited Apr. 6, 2023), https://www.stltoday.com/help/about/.

[3] *A look at the Pulitzer Prizes Won by the St. Louis Post-Dispatch*, St. Louis Post-Dispatch *(*May 4, 2020), https://www.stltoday.com/news/archives/pulitzer-prizes-won-by-the-post-dispatch/collection_ddcf45a9-6e37-54af-b27c-09aa8f34ffa2.html#1.

came from a police officer and that it was directed to him, Mr. Green dropped the gun and lay prone on the ground. *Id.*

Detective Carlson, one of the on-duty officers at the scene, identified Mr. Green as an off-duty police officer and told him to come to him. *Id.* Mr. Green stood up, picked up his gun with his right hand, and extended his left hand, which held his badge. *Id.* Defendant Tanner then approached Mr. Green. *Id.* He yelled at Mr. Green to drop his gun but did not give him enough time to comply, and he shot Mr. Green in the elbow. *Id.* at 3. Mr. Green fell to the ground, and several officers transported him to the hospital. *Id.* Despite emergency surgery and months of physical therapy, Mr. Green continues to struggle with pain and difficultly grabbing and lifting things—his arm is permanently damaged. Doc. 1 ¶¶ 42–44.

Mr. Green brought an action for relief under 42 U.S.C. § 1983, alleging unreasonable seizure, excessive force, and failure to train and supervise, against the City, and battery under Missouri law against Defendant Tanner. *Id.* ¶¶ 66–105. On March 6, 2023, this Court granted Defendants' motion for summary judgment and dismissed Mr. Green's action with prejudice. Docs. 131, 132.

The shooting of Mr. Green and this lawsuit have received significant public and media attention, including coverage in the Post-Dispatch and other local and national media outlets.[4] This

---

[4] *See, e.g.*, Erin Heffernan, *St. Louis Police Officer Sues City After Being Shot by Colleague*, St. Louis Post-Dispatch (June 17, 2019), https://www.stltoday.com/news/local/crime-and-courts/st-louis-police-officer-sues-city-after-being-shot-by-colleague/article_eec09c3a-f9b8-597c-88b7-1f50052896d1.html; Sarah Fenske, *Shot by a Fellow St. Louis Cop, Milton Green's Career Ended. Now He's Suing the City*, Riverfront Times (June 17, 2019), https://www.riverfronttimes.com/news/shot-by-a-fellow-st-louis-cop-milton-greens-career-ended-now-hes-suing-the-city-31773921; Joshua Rhett Miller, *Race Played Role in Shooting of Off-Duty Cop by Fellow Officer, Lawsuit Claims*, New York Post (June 18, 2019, 3:10 PM), https://nypost.com/2019/06/18/race-played-role-in-shooting-of-off-duty-cop-by-fellow-officer-lawsuit-claims.

case carries both local and national significance. First, it is relevant to an ongoing national conversation on qualified immunity, police shootings, and police reform. Second, it is relevant to an ongoing national conversation on race discrimination within police departments.[5] Furthermore, an understanding of this case will allow the public to examine how courts resolve claims involving excessive force and will facilitate public confidence in the judicial system. Finally, because Mr. Green seeks damages from the City of St. Louis, a detailed understanding of the case will allow taxpayers to understand the potential costs of failing to address police misconduct.

Given the public interest and importance of this matter, the Post-Dispatch seeks to intervene for the purpose of moving to unseal and inspect the following documents. The Post-Dispatch's Motion to Unseal and Memorandum in Support of the Motion to Unseal are attached as Exhibit 1 (Doc. 141-1) and Exhibit 2 (Doc 141-2) to the Motion to Intervene, respectively.

- Plaintiff's opposition to motion for summary judgment; Plaintiff's response to Defendants' uncontroverted material facts; Plaintiff's statement of additional material facts and exhibits thereto; and Plaintiff's opposition to Defendants' motion to exclude expert Jeffrey Noble (Doc. 99, and the exhibits thereto, Doc. 99-1 to 99-25, labeled collectively as the "Opposition Documents");

- Defendants' sealed memorandum in support of its motion for leave to file Defendants' response to Plaintiff's statement of additional material facts under seal (Doc. 109);

- Defendants' response to Plaintiff's statement of additional undisputed material facts (Doc. 109-1 and Exhibit M thereto, Doc. 109-2);

- Plaintiff's supplement to his statement of additional material facts and exhibits thereto (Doc. 113, and Doc. 113-1 to 113-4); and

---

[5] *See, e.g.*, John Eligon, *A White Officer Shoots a Black Colleague, Deepening a Racial Divide*, New York Times (last updated Jan. 15, 2020), https://www.nytimes.com/2019/11/24/us/st-louis-race-police.html; Redditt Hudson, *The Hell of Being a Black Cop*, New Republic (August 31, 2020), https://newrepublic.com/article/158951/hell-black-cop; Andrea Shalal & Jonathan Landay, *Black Cops Say Discrimination, Nepotism Behind U.S. Police Race Gap*, Reuters (July 2, 2020, 12:28 PM), https://www.reuters.com/article/us-minneapolis-police-blackofficers-idUSKBN2432T8.

- Plaintiff's memorandum explaining his inability to file redacted versions of documents (Doc. 118, and exhibits thereto, Doc. 118-1 to 118-6).

## ARGUMENT

There is a common law and First Amendment right of public access to judicial records and documents in civil court proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988). The Post-Dispatch seeks to intervene in this case under Federal Rule of Civil Procedure 24(b)(2) to vindicate the right of public access. The Eighth Circuit has recognized "Rule 24(b) intervention [is] an appropriate procedural vehicle for parties seeking to intervene for the purpose of obtaining judicial records." *Flynt*, 782 F.3d at 966. Rule 24(b)(2) permits intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). In intervening to unseal judicial records, this commonality requirement is satisfied because "it is the public's interest in the confidentially of the judicial records that—'in the language of Rule 24(b)(2)—[is] a question of law . . . in common between the Parties [to the original suit] and the [would-be intervener].'" *Flynt*, 782 F.3d at 966–67. It follows then that the Post-Dispatch satisfies the commonality requirement because its claim shares a common question of law with the main action—namely, the confidentiality of sealed judicial records.

Typically, parties seeking permissive intervention must also show "an independent ground for jurisdiction" and "timeliness of the motion." *Id.* at 966. However, the independent jurisdiction requirement for intervention does not apply when the unsealing of court documents is the sole purpose of intervention. *Id.* at 967. Thus, if a member of the public seeks to unseal documents, intervention is proper where the motion to do so is timely.

Plaintiff's motion is timely. The records the Post-Dispatch seeks were only recently sealed. And while the Court has granted Defendants' motion for summary judgment, an intervention

5

motion may be timely even where the "litigation is nearly wrapped up" or where the motion is "postjudgment or even post-appeal." *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008); *Flynt*, 782 F.3d at 966 n.2 (noting that the timeliness requirement may be met when a nonparty seeking to unseal documents does so even a year after the case is closed). Courts regularly permit intervention for the limited purpose of moving to unseal judicial records years after a case has been resolved. *See, e.g.*, *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998) (noting "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated"); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (allowing intervention three years after case settled and noting timeliness requirement is to prevent prejudice in adjudication of merits, which is not a concern where intervention is for collateral purpose such as "challenging a protective order").

## CONCLUSION

The Post-Dispatch respectfully requests that this Court grant its Motion to Intervene and permit it to file its Motion to Unseal Doc. 99 (and exhibits thereto, Doc. 99-1 to 99-25), Doc. 109 (and the two exhibits thereto, Doc. 109-1 and 109-2), Doc. 113 (and exhibits thereto, Doc. 113-1 to 113-4), and Doc. 118 (and exhibits thereto, Doc. 118-1 to 118-6) and its Memorandum in Support of the Motion to Unseal, which are attached to the Motion to Intervene as Exhibit 1 (Doc. 141-1) and Exhibit 2 (Doc. 141-2), respectively .

Dated: April 7, 2023                                    Respectfully submitted,

                                                       /s/ Tobin Raju
                                                       Lisa S. Hoppenjans, #63890 (MO)
                                                       Tobin Raju, #74195 (MO)

Nolan Brey (motion for law student practice under E.D. Mo. L.R. 12.05 pending)

Dominic Ferrante (motion for law student practice under E.D. Mo. L.R. 12.05 pending)

Maria Villegas Bravo (motion for law student practice under E.D. Mo. L.R. 12.05 pending)

First Amendment Clinic
Washington University in St. Louis
 School of Law
One Brookings Drive,
MSC 1120-250-102
St. Louis, MO 63130
(314) 935-8980
lhoppenjans@wustl.edu
tobinraju@wustl.edu

*Attorneys for Intervenor St. Louis Post Dispatch, LLC*