UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MILTON GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF ST. LOUIS ) | No. 4:19 CV 1711 DDN |
| and ) | |
| CHRISTOPHER TANNER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of plaintiff Milton Green to alter or amend the judgment and submit newly discovered evidence (Doc. 133) and to reopen discovery (Doc. 135). Defendants Christopher Tanner and the City of St. Louis oppose both motions. (Doc. 148.)

This case arises out of the shooting of an off-duty St. Louis Metropolitan Police officer by an on-duty officer. Plaintiff brought claims of unreasonable seizure and excessive force in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against Tanner; a *Monell* claim against the City; and a Missouri state law battery claim against Tanner. (Doc. 1.) On March 6, 2023, this Court granted defendants' motion for summary judgment. (Doc. 131.) The Court concluded that defendant Tanner was entitled to qualified immunity because he mistakenly perceived that plaintiff was pointing a gun at him. (*Id.* at 11.) The Court further concluded that because Tanner did not violate plaintiff's constitutional rights, there could be no *Monell* or § 1983 liability for the City. (*Id.* at 12.)

Plaintiff now moves under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's entry of summary judgment. (Doc. 133.) He argues that defendant Tanner could not have mistaken plaintiff's badge for a gun because he did not see plaintiff's left

hand or what was in it.  (Doc. 134 at 4.)  He asserts that there is no factual support in the record for the argument that Tanner mistook plaintiff's badge for a gun because Tanner failed to dispute, pursuant to Fed. R. Civ. P. 56(c), that he did not see what was in plaintiff's left hand.  (*Id*. at 6.)  He also contends that he put forth evidence to dispute Tanner's claim that the gun was moving above his waist and pointed at Tanner, and the Court should have relied on this evidence in ruling on the motion for summary judgment.  (*Id*. at 6-7.)  Defendants assert in response that plaintiff's Rule 59(e) motion repeats arguments made during summary judgment briefing and that the arguments are otherwise futile.  (Doc. 148 at 3-4.)  In reply, plaintiff reasserts the argument that Tanner could not have mistaken the badge for a gun because he did not see what was in plaintiff's left hand. (Doc. 154 at 3.)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations and citations omitted).  To determine whether defendant Tanner is entitled to qualified immunity, the Court must judge the reasonableness of his use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  "The calculus of reasonableness must embody allowance for the fact that police are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. at 396-97.  "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law or fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation and citation omitted).

Though Tanner did not see what was in plaintiff's left hand, it is undisputed that plaintiff had a gun in his right hand when Tanner shot him.  (Doc. 100 at ¶ 37.)  Tanner testified that he saw plaintiff pick up a gun; pointed his flashlight at plaintiff; and perceived a "nickel-plated gun," which he believed at the time of his deposition "was actually [plaintiff's department-issued] Beretta." (Doc. 99-16 at 87:1-2, 93:25, 94:1-2.)  Under the

2

circumstances, Tanner's mistake of fact—that plaintiff was raising the gun that he saw plaintiff pick up and hold in his right hand—was reasonable.

Moreover, the Court did not find, as plaintiff argues, that his gun "was raised above his waist, and pointed at Tanner." (Doc. 134 at 7.) Rather, citing Tanner's deposition testimony, the Court noted that Tanner perceived plaintiff's gun moving above his waist and that he viewed the movement as a threat. (Doc. 131 at 6.) Judging the events from Tanner's perspective, as it must when determining whether qualified immunity applies, the Court concluded that Tanner's use of force was reasonable. (*Id*. at 8.) The Court concludes that its memorandum and order granting summary judgment was not based on errors of fact or law, and it denies plaintiff's motion to alter or amend.

Plaintiff also moves to submit newly discovered evidence produced by St. Louis City Deputy Director of Public Safety Heather Taylor. (Doc. 133.) Plaintiff adduces a recording of a discussion between the Ethical Society of Police (ESOP) and then-Chief of Police Lawrence O'Toole, in which Chief O'Toole acknowledges weaknesses in training and policy, stating that huge tactical errors led to the shooting. (Doc. 134-2 at 28:40.) In the recording, Chief O'Toole also discusses the internal investigation process and the need for additional training regarding off-duty and undercover officer safety. An ESOP member questioned whether the shooting was correctly described as "friendly fire," and another member requested that an unbiased investigator handle the investigation of the shooting. He also offers an audio statement made by Deputy Director Taylor and a call between Major Mary Warnecke and Taylor. (Docs. 134-3 and 134-4.)

To prevail on his Rule 59(e) motion, plaintiff must show "that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d at 933 (citing *U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc.,* 320 F.3d 809, 815 (8th Cir. 2003)). Having reviewed the new evidence adduced by plaintiff, the Court concludes that it does not meet this standard. The recordings pertain to alleged weaknesses in training

3

and policy, which relate to plaintiff's *Monell* claim against the City. While the evidence is material to the *Monell* claim, if it were admitted, it would not produce a different result. The Court concluded that there could be no *Monell* liability because there was no underlying constitutional violation. Plaintiff has not produced new evidence that is material to the underlying § 1983 claims of unreasonable seizure and excessive force. Because the evidence is not relevant to the underlying § 1983 claims, the Court denies plaintiff's motion to submit newly discovered evidence.

Finally, plaintiff moves to reopen discovery, citing Federal Rule of Civil Procedure 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." "The 'good cause' standard requires a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Burris v. Versa Products, Inc.*, Civil No. 07-3938 (JRT/JJK), 2009 WL 3164783, at *4 (D. Minn. Sept. 29, 2009). The motion to reopen discovery springs from the evidence produced by Heather Taylor. The Court concludes that plaintiff has not shown good cause to modify the scheduling order and reopen discovery. Plaintiff has not argued that defendants failed to produce any evidence related to the underlying § 1983 claims. As discussed above, additional evidence related to the *Monell* claim is not relevant. Because the Court concludes that good cause does not exist, it denies plaintiff's motion to reopen discovery.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Milton Green to alter or amend and to submit newly discovered evidence  **[Doc. 133] is denied.**

**IT IS FURTHER ORDERED** that the motion of plaintiff to reopen discovery **[Doc. 135] is denied.**

**IT IS FURTHER ORDERED** that the motion of St. Louis Post-Dispatch, LLC to intervene **[Doc. 141] is granted.** The Court directs the Clerk to docket as separate entries the motion to unseal and memorandum in support, Docs. 141-1 and 141-2.

**IT IS FURTHER ORDERED** that the motion of defendants City of St. Louis and Christopher Tanner for an extension of time to respond to intervenor St. Louis Post-Dispatch, LLC's motion to unseal **[Doc. 151] is granted.**  Plaintiff and defendants shall file their responses, if any, to the motion to unseal within 14 days of the date of this order.

**IT IS FURTHER ORDERED** that the motion of plaintiff for a status hearing **[Doc. 153] is denied.**

                                                                                                       /s/   David D. Noce
                                                      **UNITED STATES MAGISTRATE JUDGE**

Signed on April 28, 2023.